UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21 -22144-CIV-COOKE/O'SULLIVAN

ALEXIS DIAZ,

    Plaintiff,

v.

ALEJANDRO MAYORKAS, et al.,

    Defendants,

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Motion to Remand Petition for Naturalization (DE# 6, 8/16/21). This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge. See Endorsed Order of Reference (DE# 15, 9/24/21). Having reviewed the applicable filings and the law, the undersigned respectfully RECOMMENDS that the Defendants' Motion to Remand Petition for Naturalization (DE# 6, 8/16/21) be **GRANTED** and that the matter be **REMANDED** to the United States Citizenship and Immigration Services to adjudicate the plaintiff's Form N-400 application within seven (7) days from the date of this Court's Order on this Report and Recommendation.

## PROCEDURAL HISTORY

On June 9, 2021, Alexis Diaz (hereinafter "plaintiff") filed a four-count complaint against Alejandro Mayorkas, Secretary of the United States Department of Homeland Security, the United States Citizenship and Immigration Services and the United States Citizenship and Immigration Services Miami Field Office (collectively, "defendants").

See Complaint and Petition for Hearing on Naturalization (DE# 1, 6/9/21) (hereinafter, "Complaint").

The Complaint alleged the following causes of action: failure to adjudicate the plaintiff's application for naturalization in violation of Title 8, United States Code, Section 1447(b) (Count I), failure to adjudicate the plaintiff's application for naturalization in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1) (Count II), failure to adjudicate the plaintiff's application for naturalization in violation of the Due Process Clause of the United States Constitution (Count III) and attorney's fees under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412 (Count IV).

On August 16, 2021, the defendants filed Defendants' Motion to Remand Petition for Naturalization (DE# 6, 8/16/21) (hereinafter "Motion"). On August 17, 2021, the plaintiff filed a response to the Motion and an amended complaint. See Plaintiff's Opposition to Defendant's Motion to Remand (DE# 7, 8/17/21) (hereinafter "Response"); Amended Complaint and Petition for Hearing on Naturalization (DE# 8, 8/17/21) (hereinafter "Amended Complaint"). No reply was filed.[1]

The Amended Complaint asserted the same four causes of action in the Complaint and added a cause of action based on the "Defendant[s'] . . . stated . . . intent to deny the [p]laintiff's application due to an issue of inadmissibility when the

---

[1] On September 24, 2021, the plaintiff filed Plaintiff's Renewed Response to Defendant's Motion to Remand (DE# 12, 9/24/21) (hereinafter "Renewed Response"). The Renewed Response was stricken by the Court following a motion filed by the defendants. See Endorsed Order (DE# 14, 9/24/21); Defendants' Motion to Strike Plaintiff's Second Response to Motion to Remand (DE# 13, 9/24/21). Accordingly, the undersigned will not consider the plaintiff's Renewed Response in issuing this Report and Recommendation.

[p]laintiff had traveled in 2016" (Count V). See Amended Complaint at ¶¶ 25-27.

The defendants' response to the Amended Complaint incorporated by reference the same arguments raised in the instant Motion. See Defendants' Response to Plaintiff's Amended Complaint and Incorporated Motion to Remand (DE# 9, 8/31/21). The plaintiff filed a response in opposition to the defendants' response to the Amended Complaint. See Plaintiff's Opposition to Defendant[s'] Response to Plaintiff's Amended Complaint and Incorporated Motion to Remand (DE# 10, 9/10/21). The defendants filed their reply on September 17, 2021. See Defendants' Reply to Plaintiff's Opposition to Defendants' Response to Amended Complaint (DE# 11, 9/17/21).

## STANDARD OF REVIEW

The Attorney General has the "sole authority to naturalize persons as citizens of the United States[.]" 8 U.S.C. § 1421(a). Section 1446(b) instructs the Attorney General to "designate employees of the [United States Citizenship and Immigration Services ("USCIS")] to conduct examinations upon applications for naturalization." Id. § 1446(b).

A USCIS employee must determine whether the application should be granted or denied. 8 U.S.C. § 1446(d). If the application is denied, the applicant may seek a hearing before an immigration officer. Id. § 1447(a). If unsuccessful at that hearing, the applicant may petition a district court for a de novo review of the adverse decision. Id. § 1421(c).

An applicant may also petition a district court if USCIS fails to make a determination on the application within 120 days of the examination date. 8 U.S.C. § 1447(b). In such instances, "[the] court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." Id.

## **ANALYSIS**

The defendants seek an Order remanding the plaintiff's application for naturalization to USCIS for adjudication, pursuant to 8 U.S.C. § 1447(b). See Motion at 1. The defendants argue that a "[r]emand would allow [USCIS] to apply its expertise to the facts of this case, facilitate the creation of a complete administrative record, potentially conserve judicial resources, and preserve [the p]laintiff's right to request de novo review in the U.S. District Court" if the plaintiff's application is denied. Id. The defendants further state that "USCIS is prepared to issue a decision on [the p]laintiff's application within seven (7) days of this Court's Order if the Court grants the motion to remand." Id. USCIS is prepared "to deny [p]laintiff's N-400 application based on a finding that he has not been lawfully admitted for permanent residence in accordance with the immigration laws in effect at the time of his subsequent reentry(ies), as required by 8 C.F.R. § 316.2(b), on account of his criminal convictions" and is prepared to issue that decision "in the coming days." Id. at 3.

The plaintiff opposes the request for a remand. See Response at 1. The plaintiff argues that a remand to USCIS would be futile due to the defendants' stated intent to deny the plaintiff's application for naturalization. Id. The plaintiff argues that such a denial would be contrary to law because "the issue of inadmissibility was already resolved in the immigration court." Id. at 2-3.[2] The plaintiff thus argues that if this matter

---

[2] Specifically, the plaintiff states that "[o]n October 17, 2016, the Department of Homeland Security [(hereinafter, 'Department')] issued a Notice to Appear charging the Plaintiff as Inadmissible due to an alleged conviction from the 1990s after the Plaintiff had traveled [on] a brief vacation outside of the United States." Response at 2. The plaintiff notes, however, that on September 16, 2019, an immigration judge terminated the proceeding because "the Department . . . could not establish inadmissibility." Id.

4

were remanded and USCIS follows through with the denial of the plaintiff's application, the plaintiff would be forced to go through a futile administrative appeal before returning to this Court in a new action. Id.

**1.    The Court Should Remand This Matter to USCIS for a Determination Because USCIS is in the Best Position to Adjudicate the Plaintiff's Application**

In instances where, as here, no determination under section 1446(d) has been made, the Court may either "determine the matter or remand the matter, with appropriate instructions to [USCIS] to determine the matter." 8 U.S.C. § 1447(b). In other words, "the Court must decide whether to hear the merits of [p]laintiff's naturalization application or remand the case to USCIS for further proceedings." Silebi De Donado v. Swacina, 486 F.Supp.2d 1360, 1365 (S.D. Fla. 2007).

The plaintiff argues that a remand is futile because the defendants intend to deny the plaintiff's application for naturalization once the case is remanded to USCIS. Response at 3. The undersigned is not persuaded by the plaintiff's argument that a remand would be futile. Notably, the plaintiff has not identified any legal authority in his Response supporting his "futility" argument.

A matter may be remanded to USCIS even in instances where the agency will likely deny an application. In Megahed v. Holder, for instance, the plaintiff filed an action in district court pursuant to section 1447(b) after USCIS had failed to timely adjudicate the plaintiff's naturalization application. No. 8:11-CV-2785-T-27TBM, 2012 WL 920423, at *1 (M.D. Fla. Mar. 19, 2012). USCIS issued a denial a few weeks later and the defendants moved to dismiss the plaintiff's case on the ground that USCIS' decision had rendered the case moot. Id. In the alternative, the defendants asked the court to

remand the case so USCIS could issue a new decision. The court determined that a remand was the better course of action given USCIS' expertise in immigration matters. Id. The court further noted that even if USCIS denied the plaintiff's application, the plaintiff would still have legal recourse:

> notwithstanding its lack of jurisdiction, USCIS has completed the application process and reached a tentative decision that was based on information obtained during its investigation and interviews. . . . **Following remand, it may be that USCIS will execute its tentative ruling, as [the p]laintiff suggests. But that possibility presents no reason to deny remand. If USCIS does deny his application, [the p]laintiff would be entitled to seek administrative review under § 1447(a), followed by judicial review under § 1421(c).**

Id. (emphasis added).

"Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context." I.N.S. v. Orlando Ventura, 537 U.S. 12, 16-17 (2002). "USCIS is best equipped to handle immigration matters and adjudicate naturalization applications." Al-Sabunchi v. Sec'y, Dep't of Homeland Sec., No. 609-CV-345-ORL-18KRS, 2009 WL 2602458, at *2 (M.D. Fla. Aug. 5, 2009); see also Megahed, 2012 WL 920423, at *1 (stating that "USCIS is the agency responsible for determining the issuance of immigration benefits, and USCIS is better-equipped to evaluate the information in [the p]laintiff's application in the first instance and to develop the record.").

In the instant case, USCIS would be better able to evaluate the plaintiff's application for naturalization and make a determination based on the information provided by the plaintiff and its own investigation. As indicated in the plaintiff's response, there appears to be a dispute between the parties on whether an immigration judge's decision on the issue of the plaintiff's admissibility is binding on USCIS. See

6

Response at 2. Rather than being futile, a remand to USCIS would be beneficial given USCIS' expertise in naturalization matters.

"[U]nlike district courts, USCIS is charged with deciding naturalization applications frequently and is therefore better equipped to apply immigration laws thoroughly and consistently." Maniulit v. Majorkas, No. 3:12-CV-04501-JCS, 2012 WL 5471142, at *3 (N.D. Cal. Nov. 9, 2012). As the defendants note, a remand "would allow [USCIS] to apply its expertise . . ., facilitate the creation of a complete administrative record, potentially conserve judicial resources, and preserve the [p]laintiff's rights to request a de novo review in the U.S. District Court if the administrative appeals process results in an adverse decision." Response at 1.

For these reasons, a remand would not be futile.

**2.    The Plaintiff Will Suffer No Undue Burden If This Matter is Remanded to USCIS for a Decision**

The plaintiff argues that if this Court remands the matter to USCIS, he "would be forced to undergo the burden of futile administrative appeals and be forced to return to this [C]ourt with a new action." Response at 3. The undersigned is not persuaded by the plaintiff's argument that pursuing the procedural steps set forth in section 1447 would be unduly burdensome.

The plaintiff has not identified any undue burden in having to follow the review process set forth in the naturalization statute. The undersigned notes that there is no concern here that the plaintiff's application will languish at the agency-level. The defendants have represented to the Court that USCIS is prepared to issue its decision within seven days of the remand. Motion at 1. Thus, the plaintiff has been assured the adjudication of his application in a one-week time period. Once USCIS has issued its

7

decision, the plaintiff may promptly pursue his administrative remedies. If judicial review is necessary, the plaintiff can return to this Court for a de novo determination.

In sum, a remand is appropriate because USCIS is better able to issue a decision on the plaintiff's naturalization application. Accordingly, the undersigned respectfully RECOMMENDS that the case be **REMANDED** to USCIS with appropriate instructions.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that the Defendants' Motion to Remand Petition for Naturalization (DE# 6, 8/16/21) be **GRANTED** and that the matter be **REMANDED** to the United States Citizenship and Immigration Services to adjudicate the plaintiff's Form N-400 application within seven (7) days from the date of this Court's ruling on this Report and Recommendation.

The parties shall have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error, if necessary, in the interest of justice. See 28 U.S.C § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794

(11th Cir. 1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 2nd day of November, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE